## No. 792
## McCRACKEN v. ZIEHM

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5622. Decided April 20, 1925

355. DAMAGES—Suit brought against undertaker for alleged wrongful interment of body entitles plaintiff to nominal damages.

VICKERY, J.

Maude McCracken brought an action to recover damages against William Ziehm, in the Cuyahoga Common Pleas. It was claimed that Ziehm, as undertaker, placed the remains of her daughter in the grave without the knowledge or consent of the mother, Maude McCracken, and without notifying her of same.

It seems that after the daughter's death, Ziehm was employed by the parents to prepare the body for burial and to conduct the funeral. Preparations were made by Ziehm when through the intervention of friends the Coroner was notified that a criminal operation had been performed upon the decedent. It was agreed between the parents and the Coroner that the funeral services should go forward and the regular services were had in the home of the McCrackens. After the services the body was placed in a vault.

In pursuance with the agreement with the Coroner, an autopsy was performed on the body at the morgue, after which it was called for by Ziehm and interred in the grave without notification to the father and mother. The father, upon hearing of this proceeding, was somewhat incensed, but afterward appeared to be mollified and agreed to let the body rest.

When Ziehm presented his bill for the funeral services he was sued for $25,000 in a petition charging malice and other things. The Court rendered judgment against Mrs. McCracken and in favor of Ziehm for costs. Error was prosecuted and the Court of Appeals held:

While we deplore that these sort of suits must encumber the courts, the plaintiff, however, under the authorities had a right to maintain her suit and after the language was stricken out of the petition there was still enough in the petition to state a cause of action, and we think the court erred in rendering a judgment against Mrs. McCracken. The Court should have entered a judgment in her favor for nominal damages. Judgment reversed and cause remanded.

Attorneys—James E. Mathews for McCracken; Niman, Grossman, Buss & Holliday for Ziehm; all of Cleveland.